## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KEVIN LYN BEVERLY,

      Petitioner,                  Case No. 21-12771

v.                                 HON. PAUL D. BORMAN

GARY MINIARD,

      Respondent.

_____/

**OPINION AND ORDER (1), DENYING PETITIONER'S MOTION FOR JOINDER (ECF NO. 3); (2), DENYING WITHOUT PREJUDICE PETITIONER'S MOTIONS TO APPOINT COUNSEL (ECF NOS. 8, 12); (3), GRANTING PETITIONER'S MOTIONS TO AMEND MOTION (ECF NO. 13) AND FOR IMMEDIATE CONSIDERATION OF MOTION (ECF NO. 14); (4), GRANTING IN PART PETITIONER'S MOTION FOR ACCESS TO AUTHORITIES (ECF NO. 16); (5), DENYING PETITIONER'S MOTION FOR ENLARGEMENT OF TIME (ECF NO. 17); (6), GRANTING PETITIONER'S MOTION TO STRIKE RESPONSE TO PETITION (ECF NO 18); AND (7), DENYING PETITIONER'S MOTION FOR LEAVE TO FILE OVERSIZED TRAVERSE (ECF NO. 19)**

This is a habeas case filed by a Michigan prisoner under 28 U.S.C. § 2254. Petitioner Kevin Lyn Beverly was convicted following a jury trial in the Washtenaw County Circuit Court of witness intimidation, Mich. Comp. Laws § 750.122; and extortion, Mich. Comp. Laws § 750.213. Petitioner is serving consecutive prison terms of five to fifteen years for the witness intimidation conviction, and eight to twenty years for the extortion count. Petitioner was charged with these offenses five

1

years after he was convicted of aggravated stalking, a charge based on the same facts and circumstances as those underlying the more recent convictions.

Petitioner claims that his right to be free of successive convictions and punishment under the Double Jeopardy clause has been violated; that the Attorney General delayed prosecuting him in pursuit of a tactical advantage and that he was prejudiced by that delay; and that his convictions should be vacated where the principles of collateral estoppel, res judicata, and claim preclusion bar his re-prosecution and convictions.

Now before the Court are several motions brought by Petitioner. The Court declines to join this case with another related habeas petition also pending before the Court; declines to appoint counsel for Petitioner at this time; and will deny additional motions involving procedural issues as moot or unnecessary. The Court will permit Petitioner to file single pleadings, where appropriate, to be docketed in both this case and the other, related one. A detailed explanation follows.

## I.   BACKGROUND

The Michigan Court of Appeals summarized Petitioner's case as follows:

In December 2012, the Washtenaw County Prosecutor charged defendant with aggravated stalking for repeatedly calling and sending text messages to his former wife, Nicole Beverly, in October 2012. In March 2013, defendant pleaded guilty to aggravated stalking. In July 2017, the Michigan Attorney General charged defendant with witness intimidation and extortion on the basis of the same factual

2

circumstances to which defendant pleaded regarding his aggravated stalking conviction. During the jury trial, Nicole testified that defendant emotionally, verbally, and physically abused her during their marriage. As a result, Nicole divorced defendant in April 2011, and defendant was required to pay child support. Defendant subsequently accrued arrears of approximately $20,000.

In October 2012, defendant called and sent text messages to Nicole demanding her to state at an upcoming child support hearing that she no longer wanted to receive child support and that she did not expect defendant to pay the child support that she was owed. Defendant told Nicole that he would not go back to jail and that, if he did go to jail, he would harm her. Between approximately October 15, 2012 and October 25, 2012, defendant called Nicole between 30 to 100 times per day throughout the day and night. Defendant sent Nicole text messages in which he told her to drop the child support case and suggested that, if Nicole failed to do so, the children would suffer. Nicole received between 10 to 15 text messages during that period. The jury found defendant guilty of witness intimidation and extortion.

*People v. Beverly*, No. 344460, 2020 WL 746939, at *1 (Mich. Ct. App. Feb. 13, 2020).

Petitioner appealed his convictions, raising issues of double jeopardy; prearrest delay, which prejudiced his defense; and collateral estoppel. He also challenged the consecutive aspect of his sentence and its scoring under the Michigan Sentencing Guidelines system. *Id.* The Michigan Court of Appeals affirmed his convictions and sentence, *id.* at *8; and the Michigan Supreme Court denied leave to appeal. *People v. Beverly*, 506 Mich. 962 (2020).

3

This timely petition for a writ of habeas corpus followed. Petitioner raises the following issues:

I.   Petitioner's punishment for extortion and witness intimidation violates his right to be free from successive punishments in violation of the double jeopardy clause where he was prosecuted and sentenced to consecutive terms of 8 to 20 years and 5 to 15 years on April 3, 2018, after having entered a plea to aggravated stalking on March 19, 2013 and served the maximum five years in prison for the exact same conduct/evidence as the previously adjudicated case.

II.  Petitioner's conviction must be vacated where the attorney general waited approximately five years to charge Petitioner in order to gain a tactical advantage in extending the potential length of the sentence. Petitioner was prejudiced by the delay because of the loss of concurrent sentencing time and his ability to present a defense was severely impaired due to the court allowing the State's in limine motion which prevented Petitioner from presenting original crime conviction, identical facts, etc., to the jury which the successive prosecution (case at bar) was solely based upon.

III. Petitioner's conviction for extortion and witness intimidation must be vacated where the government was collaterally estopped from relitigating facts that were encompassed in the final judgment of aggravated stalking in 2013.

IV.  Petitioner's convictions must be vacated where the government should have been precluded from bringing successive prosecutions, based on the identical facts of a previously adjudicated case, under principles of res judicata/claim preclusion.

Pertinent to the resolution of some of Petitioner's pending motions, the Court notes that Petitioner filed a related application for habeas corpus relief in this District. *See* Case No. 21-12772. Simultaneously with the 2017 Washtenaw County charges at issue in the instant case, Petitioner was also charged and convicted by

4

plea in Wayne County of interfering with a crime report. *See* Case No. 21-12772, ECF No. 1, PageID.71 (Presentence Investigation Report). The Wayne County charge arose from the same factual circumstances which resulted in Petitioner's original aggravated stalking conviction and the 2017 Washtenaw County jury trial convictions. However, the Wayne County charge was based on Petitioner's threatening phone calls to Ms. Beverly at her workplace in Romulus, Michigan, a city in Wayne County. *See id.*; *see also Beverly*, 2020 WL 746939, at *1. Case No. 21-12772 is Petitioner's habeas petition in the Wayne County case. *See generally* Case No. 21-12772, ECF No. 1. The issues raised in Petitioner's second habeas petition will be discussed in more detail below where they pertain to specific motions.

## II.    DISCUSSION

### A. Motion to join cases

Petitioner's first motion requests that his two habeas cases be joined, and that he be relieved of any limits on the page-length of pleadings. ECF No. 3, PageID.316. Petitioner filed an individual application for habeas corpus for each of the two cases as required by Rule 2(e), Rules Governing Section 2254 Cases ("A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court.")

Petitioner seeks consolidation of the cases to "avoid confusion, due to the complexity of these cases as well as [to] preserve judicial resources." *Id.* Petitioner notes that the additional, later charges were based on the "'IDENTICAL FACTS' of the original (adjudicated-closed case)." ECF No. 3, PageID.316. The Court notes that Petitioner's issues in the Wayne County case are similar but not identical to the issues he has raised in the instant petition. Petitioner's claims of error in Case No. 21-12772 are double jeopardy, pre-arrest delay, issue and claim preclusion and res judicata; that the prosecution's charges were for the purposes of gaining a tactical advantage; that his plea was not knowingly and voluntarily made; and that he should have been permitted to withdraw his plea when the trial judge did not comply with a sentencing agreement. *See* Case No. 21-12722, Pet., ECF No. 1, PageID.5, 7, 8, 10.

Federal Rule of Civil Procedure 42 states that in cases "involv[ing] a common question or law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018) (citation omitted). The most pertinent of the factors the Sixth Circuit counsels courts to consider before exercising that discretion are the "risks of

6

prejudice and possible confusion[,] . . . [and] of inconsistent adjudications of common factual and legal issues," and the potential burdens on the parties and judicial resources. *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993).

Because both Petitioner's cases are assigned to this Court, there is no risk of inconsistent adjudications. However, the potential exists for confusion and the burdening of judicial resources in the state court system. To minimize that risk, the Court will refrain from joining the two cases. Maintaining the cases separately will permit the Court to address its opinions and orders to the specific facts, procedural history, and issues presented in the individual Wayne and Washtenaw County court cases.

The motion for joinder (ECF No. 3.) will be DENIED. Petitioner's request for a page-limit extension will also be denied as moot. Petitioner has not exceeded any page limits in his pleadings, so relief on this issue is unnecessary.

## B. Motions for appointment of counsel, to amend motion for appointment of counsel, and for immediate consideration of motion(s) to appoint counsel

Petitioner has filed numerous motions requesting the Court appoint an attorney to represent him. He reports that he contracted the COVID-19 virus in prison, despite having been vaccinated, which causes "brain fog" and an inability to focus. ECF No. 8, PageID.634. He suffers from depression, anxiety, and bipolar disorder, and says his mental illness impedes him "from adequately maneuvering

through the legal process." *Id.* at PageID.635. Petitioner claims he has limited access to the law library. *Id.* at PageID.634.

Petitioner further argues in support of his request that he has made a substantial showing of the denial of his federal constitutional rights, that the issues are complex, and that he is unlikely to prevail without the assistance of counsel. *Id.* at PageID.634-35. Petitioner's subsequent motions repeat the same factual support and arguments. *See* ECF No. 12, PageID.2597-99. In addition, Petitioner has included an unofficial transcript of oral argument at the Michigan Court of Appeals in his direct appeal to support his argument regarding the complexity of his issues. ECF No. 12, PageID.2603-05; *see also* ECF No. 14, PageID.2624. Petitioner's later motions emphasize the uniqueness of his case and its "undeniable statewide implications." ECF No. 13, PageID.2619; ECF No. 14, PageID.2623.

There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an

8

attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002).

Appointment of counsel in a habeas corpus proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Id*. Counsel may be appointed in exceptional cases such as where a petitioner has made a colorable claim but lacks the means to adequately investigate, prepare, or present the claim. *Id*. at 788.

Petitioner has not shown that he is impeded in litigating his claims. He filed the standard habeas corpus petition form supplemented by detailed briefing and an extensive array of exhibits (including hearing transcripts and other court documents), for a total initial 309-page pleading. *See*, *e.g.*, ECF No. 1, PageID.65-111 (brief in support of petition). Petitioner filed a 107-page Traverse which contained a detailed reply to the State's response to his habeas petition. ECF No. 20. In his Traverse, Petitioner cites case law and includes copies of supporting court decisions, pertinent state statutes and court rules, as well as, again, transcripts and other court documents. In between those pleadings, Petitioner filed numerous

reasonably well-crafted and -supported motions seeking various forms of relief as described herein. Petitioner's pleadings demonstrate he has both the means and ability to present his claims to the Court, even after his diagnosis of a COVID-19 infection.

Moreover, the Traverse was filed very recently, on August 15, 2022. Until the Court reviews the pleadings filed by both Petitioner and Respondent as well as the Rule 5 materials, it is unable to determine whether an evidentiary hearing is necessary. Thus, the interests of justice do not at this time require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c).

The Court grants Petitioner's motions to amend his motion and for immediate consideration. ECF Nos. 13, 14. However, the Court will deny Petitioner's motions for appointment of counsel without prejudice. ECF Nos. 8, 12. The Court will reconsider Petitioner's motion(s) if, following review of the pleadings and the record, the Court determines that appointment of counsel is required.

## C. Motion for access to authorities

Petitioner next requests a copy of "any and all" authorities relied upon in Respondent's Answer. In support, he cites *Hill v. Lafler*, No. 5:08-14102, 2010 WL 707190 (E.D. Mich. Feb. 23, 2010) (Tarnow, J.). In *Hill*, the court ordered the respondent to serve on the petitioner a copy of any unpublished decisions it cited in

its briefs. *Id.* at \*1. Similarly, the court in *Davis v. Lafler*, 692 F. Supp. 2d 705, 706 (E.D. Mich. 2009), ordered its respondent to provide the petitioner "with paper copies of any unpublished decisions and electronically-available-only opinions to which he or she has cited or may cite in Respondent's pleadings in this matter, as well as any published decisions from the volumes listed above that are not available to Petitioner." *Id.*

Ironically, Petitioner's motion relies in part on an unpublished decision, *Hill*, *supra*, which indicates he is able to locate and apply unpublished authority when necessary. In addition, a review of Respondent's Answer found very limited citation to unpublished cases. Other than the Michigan Court of Appeals decision in Petitioner's direct appeal (which the Court presumes is in Petitioner's possession), Respondent cited two such cases: *Miracle v. Haas*, No. 15-cv-10562, 2016 WL 1583807 (E.D. Mich. April 20, 2016); and *Harris v. Wolfenbarger*, No. 05-cv-74316, 2007 WL 2421545 (E.D. Mich. Aug. 27, 2007).

The Court will grant Petitioner's request in part, but not to the extent of his requested "any and all" authority. The motion is granted only as to the two cases identified above, which will be appended to this Order. If Petitioner has difficulty accessing future authority cited by the Court or Respondent, he may again move for access, but must name those court decisions which he is unable to obtain on his own.

11

## D. Traverse-related motions

Petitioner filed three motions seeking accommodations related to his Traverse. The first two motions, for enlargement of time in which to file the Traverse, ECF No. 17, and for leave to file an oversized Traverse, ECF No. 19, will be denied as moot. Petitioner has filed his Traverse and the Court has accepted that pleading.

However, the Court will grant the third related motion, Petitioner's "Motion to Strike." ECF No. 18. There, Petitioner requests the "ability to reply to only one Answer from the State in opposition [to] Habeas Corpus." *Id.* at PageID.2742. He requests he be permitted to file his Traverse only in this case, Case No. 21-12771, and not in Case No. 21-12772. *Id.* Petitioner reminds the Court he is proceeding *pro se*, and that he possesses limited law library access and funds. *Id.*

From a preliminary review of Petitioner's Traverse pleading, it appears that he has addressed all the issues raised in both petitions, and has responded to the State's Answer in both cases. Accordingly, the Court will grant Petitioner's request to file the single pleading, and will direct the Clerk of the Court to enter the Traverse on the docket for Case No. 21-12772.

Petitioner is instructed for future pleadings which apply to both cases, if any, that he may file a single pleading. However, such filings must clearly indicate both

12

case numbers in their caption. They must also be accompanied by a letter to the Clerk's Office requesting the document be filed in both cases.

## III.   CONCLUSION and ORDER

For the reasons stated above, the Court DENIES Petitioner's motion for joinder and page limit extension. (ECF No. 3.)

The Court GRANTS Petitioner's motions to amend his motion for appointment of counsel (ECF No. 13) and for immediate consideration (ECF No. 14), but DENIES WITHOUT PREJUDICE Petitioner's motions for appointment of counsel. (ECF Nos. 8, 12.)

The Court further GRANTS IN PART Petitioner's motion for access to authorities (ECF No. 16) as to two unpublished cases, *Miracle v. Haas*, No. 15-cv-10562, 2016 WL 1583807 (E.D. Mich. April 20, 2016); and *Harris v. Wolfenbarger*, No. 05-cv-74316, 2007 WL 2421545 (E.D. Mich. Aug. 27, 2007). The Clerk of the Court is directed to ensure both cases are attached to this Order when served.

The Court further DENIES AS MOOT Petitioner's motions for enlargement of time and for leave to file an oversized Traverse. (ECF Nos. 17, 19.)

Finally, the Court GRANTS Petitioner's motion to strike a second Traverse pleading for Case No. 21-12772 (ECF No. 18), and accepts for filing in that case Petitioner's Traverse (ECF No. 20). The Court directs the Clerk of the Court to

13

docket Petitioner's Traverse (ECF No. 20) in Case No. 21-12772. In the future, Petitioner may file with the Court a single copy of any pleading applicable to both cases, but he is directed to include both case numbers in the caption of the pleading, and to include with the filing a letter to the Clerk requesting the pleading be docketed under both case numbers.

**IT IS SO ORDERED**.

s/Paul D. Borman
Paul D. Borman
United States District Judge

Dated:  August 24, 2022

14