UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN LYN BEVERLY,

   Petitioner,

v.

NOAH NAGY,

   Respondent.

Case No. 21-cv-12771

Honorable Robert J. White

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO AMEND THE HABEAS PETITION AND DENYING PETITIONER'S REQUEST TO EXCEED THE PAGE LIMITS AND MOTION TO WAIVE ANY RELATED EXHAUSTION REQUIREMENTS AS MOOT**

Kevin Lyn Beverly is presently incarcerated at the Parnall Correctional Facility in Jackson, Michigan. He filed a petition for a writ of habeas corpus, challenging his state convictions for witness intimidation, Mich. Comp. Laws § 750.122, and extortion, Mich. Comp. Laws § 750.312. The case was held in abeyance and administratively closed so Beverly could return to the state courts to exhaust additional claims. *Beverly v. Artis*, No. 21-12771, 2023 WL 8702727 (E.D. Mich. Dec. 15, 2023).

This Court subsequently granted Beverly's motion to lift the stay, granted him an extension of time to file an amended petition, and set deadlines for respondent to file a supplemental answer and any additional Rule 5 materials. (ECF No. 34).

Beverly now moves to (1) waive any related exhaustion requirements before filing an amended habeas petition, and (2) amend the petition and exceed any related page limits. (ECF No. 33, 35). The proposed amended petition (which Beverly already filed to the docket) appears to be a memorandum of law. (ECF No. 36).

The Court will grant Beverly's motion to file the amended habeas petition because it advances new claims that may have arguable merit. *See, e.g., Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016). And the Court accepts Beverly's memorandum of law since habeas petitioners are permitted to assert claims in a supporting brief. *See Dye v. Hofbauer*, 546 U.S. 1, 4 (2005).

The Court also denies Beverly's request to exceed any page limits on his amended habeas petition as moot. Rule 2 of the Rules Governing § 2254 Cases does not impose any page limits on habeas petitions. Neither does this district's local rules. *See Sedlacek v. Rardin*, No. 23-11899, 2024 WL 965607, at *1 (E.D. Mich. Mar. 5, 2024).

Lastly, Beverly exhausted all his state post-conviction remedies in the state trial and appellate courts before moving to reopen this case. So the motion to waive any exhaustion requirements before filing the amended habeas petition is denied as moot. *See Adkins v. Konteh*, No. 05-2978, 2007 WL 461292, at *20 (N.D. Ohio Feb. 7, 2007). Accordingly,

IT IS ORDERED that Beverly's motion to amend the habeas petition (ECF No. 35) is granted.

IT IS FURTHER ORDERED that Beverly's request to exceed the related page limits on the amended habeas petition (ECF No. 35) is denied as moot.

IT IS FURTHER ORDERED that Beverly's motion to waive any related exhaustion requirements before filing the amended habeas petition (ECF No. 33) is likewise denied as moot.

Dated: August 11, 2025

s/Robert J. White_____
Robert J. White
United States District Judge